LANCASTER COUNTY BANK, APPELLEE, V. E. MARY
GREGORY, APPELLANT.

Action Quia Timet: PLEADING: APPEAL: PRACTICE.  Plaint-
iff instituted its action in equity to quiet its title to certain real
estate.   Defendant answered denying plaintiff's title, its incor-
poration, and pleading the statute of limitations.   She after-
wards filed her "supplemental and amended answer," by which
she denied plaintiff's possession of the premises, and alleged
that its action was barred by the statute of limitations, but
alleging no fact which had occurred subsequent to the filing of
her first answer.   To this plaintiff filed a reply, consisting of a
general denial.   Afterwards plaintiff filed its supplemental
petition, alleging thereby that at the commencement of the ac-
tion the real estate in dispute was in plaintiff's possession, but
that since that time defendants had forcibly taken possession.
The prayer was for a decree as prayed for in the original peti-
tion, and for delivery of the possession of the premises.   To
this defendant answered, denying the allegations thereof gen-
erally.   After the filing of this answer the cause was treated as
an action at law, in ejectment.   The first judgment was in favor
of defendant, but it was set aside on the demand of plaintiff
and a new trial ordered, which resulted in favor of plaintiff.
From this judgment at *law* defendant *appealed* to the supreme
court.   Upon an examination of the whole case, the judgment
of the district court was reversed and the cause was remanded
with leave to the parties to replead if they elect to do so, in
order that a trial might be had upon the merits.

APPEAL from the district court of Lancaster county. Heard below before POUND, J.

*J. B. Archibald,* for appellant.

*Lamb, Ricketts & Wilson,* for appellee.

REESE, CH. J.

This action was instituted in the district court of Lancaster county, and was for the purpose of quieting the title to lots eleven and twelve in block two in Lavender's addition to the city of Lincoln. The petition was as follows :

" The said plaintiff complains of the said defendants and each of them, and for cause of action says : That at all times herein mentioned the said plaintiff hath been and now is a corporation duly organized and incorporated under the laws of the state of Nebraska.

" That this plaintiff now is, and ever since the 1st day of January, A.D. 1878, hath been, the absolute owner, in fee simple, of lots eleven and twelve in block two in Lavender's addition to Lincoln, Nebraska, and that this plaintiff now is in the actual possession of said premises by its tenants, and is entitled to the quiet enjoyment of the same, and plaintiff further shows it traces and claims its title to the said premises from one Luke Lavender, dating from the 5th day of August, A.D. 1873. That the defendants and each of them claim a title to the said premises and every part thereof, and claim they own said lots, and claim the right to enter upon the same, and set up and allege that they own said premises in fee, and execute leases of the same under the claim of ownership to the same.

" That said defendants' claims of title are not of record, but as far as plaintiff is able to set forth their pretended

42

claim the same is based upon certain irregular execution sales and deeds to said premises made upon certain judgments, rendered against said Luke Lavender, who is the common source of claim of title between this plaintiff and said defendants, which judgments are and were subsequent liens on the said property to the judgment lien, conveyance, and deed through which plaintiff claims title, or said defendants' pretended claims of title are under or by virtue of conveyance between themselves.

"That all of said claims, deeds, sales, or conveyances are wholly inferior to the claim and title of the plaintiff, but that the same constitute a cloud on the plaintiff's title. That under said pretended titles the said defendants and each of them set up and publicly allege that they own said property, and allege that this plaintiff hath no title to said premises. That E. Mary Gregory is the wife of John S. Gregory, and Julia Gregory is the daughter of John S. Gregory and E. Mary Gregory, and that John S. Gregory is the agent of the defendants, E. Mary Gregory and Julia Gregory. By reason of their concealment of their claim of title from the record this plaintiff is not able to more specifically set forth the pretended title of said defendants, or the pretended interest of either of them in or to said premises. And this plaintiff avers that it is remediless in the premises, except by the interposition of this honorable court in equity.

"Wherefore plaintiff prays judgment of the court that said defendants and each of them may be required to answer the premises and set forth what title, if any, they have to said premises, and what claim or right they or either of them have to lease said premises or make any claim to the same or enter thereon. That all such pretended claim of title may be adjudged to be void.

"That the plaintiff's title to said premises may be by the decree of this court adjudged to be perfect as against any right, title, claim, or interest of said defendants or

any of them, and all persons claiming the same by, through, or under them. That said defendants and each of them may be perpetually enjoined and restrained from setting up any right, title, interest, or claim to said premises, or any part thereof, or further assailing the plaintiff's title thereto.

"That the plaintiff may have all such other and further relief, either at law or in equity, as it is entitled to, and costs."

To this petition one of the defendants, E. Mary Gregory, filed her answer, which was in the following language:

"Comes now the defendant, E. Mary Gregory, and for her answer to the petition says:

"She denies that plaintiff is in possession of the property and lots in the petition alleged, and alleges the fact to be that she now is and for more than ten years prior to the commencement of this action hath been in the open, notorious, peaceable, and quiet adverse possession of said lots and property, claiming title thereto, and that her claim of title thereto is protected by the statutes of limitations of the state of Nebraska, and she denies plaintiff is a corporation.

"Wherefore defendant prays that she may be dismissed hence with her costs."

This answer was filed on the 11th day of July, 1885. On the 10th day of April, 1886, she filed what is denominated a "supplemental and amended answer," which we here copy:

"Come now E. Mary Gregory, and for her amended answer to plaintiff's petition filed herein says:

"First Defense—For a first defense defendant denies that plaintiff was in possession of the premises described in its petition at the time of the commencement of this action.

"Second Defense—And for a second defense defendant says that she has had and maintained actual, open, noto-

rious, peaceable possession, and continuously occupied and cultivated all said premises from and before the 1st day of September, 1874, up to the present time, and was in peaceable possession thereof at the date of the commencement of this action, claiming title thereto adverse to the claims of title of all persons whomsoever, and that plaintiff's claim of title is barred by the statute of limitation of the state of Nebraska."

On the 18th day of May of the same year, plaintiff filed a reply, as follows:

" The plaintiff, for reply to the answer of E. Mary Gregory, denies each and every allegation in said answer contained, and prays judgment as in petition claimed."

And on the 21st of the same month, by leave of court, he filed a supplemental petition, which we also copy. It is as follows:

" Comes now the plaintiff, by leave of the court, and notice hereof being waived in open court, for its supplemental petition shows to the court that, at the commencement of this suit, the lands and lots in the original petition described were vacant but cultivated lots in the possession of this plaintiff by its tenant, one Thomas S. Dobbins, now deceased; that since the commencement of this suit, the defendants, John S. Gregory and E. Mary Gregory, have unlawfully entered into the possession thereof and have unlawfully enclosed the same with a fence against the plaintiff, and unlawfully exclude the plaintiff from the possession of the same.

" Wherefore plaintiff prays judgment according to the prayer of its petition, and for the delivery of the possession of said premises to it and for costs of suit."

On the 15th day of October, 1886, defendant, E. Mary Gregory, filed her answer to the supplemental petition, which was as follows:

" Comes now E. Mary Gregory and John S. Gregory,

and for their answer to the supplemental petition of plaintiff filed herein, say :

" They deny each and every allegation in said supplemental petition contained." ·

On the 20th day of the same month, a trial was had, which resulted in a judgment in favor of defendants, but which judgment appears to have been set' aside and a new trial awarded, under the provisions of section 630 of the civil code.

For reasons which we deem satisfactory, we here copy the journal entry in full : " Now comes the parties herein with their counsel, and this cause coming on for trial, the same is submitted to the court upon the issues joined and proofs adduced, a jury trial herein being now waived, and on due consideration the court finds for the defendants, and finds that the title and estate in and to and the right of possession of the real estate in controversy herein was, at the commencement of this action, and still is, in the defendants. The plaintiff now gives notice of a demand for a new trial. It is therefore by the court ordered that the above findings in this cause be and the same are hereby vacated, and set aside and a new trial is awarded. It is now agreed in open court that a second trial herein is not to be had at this term of court except by the consent of both parties."

On the 5th day of November, the following journal entry was spread upon the records :

"This day appeared the parties herein, by their attorneys, and both parties waived their right to produce testimony on the trial of this cause."

And on the 24th day of February, 1887, the following stipulation was filed :

" It is hereby stipulated and agreed by and between the parties hereto, that this action may be tried to the court, without the intervention of a jury, a jury hereby being expressly waived by both parties hereto."

On the same day a trial was had, the cause was submitted to the court and taken under advisement, and on the 18th day of June a judgment was entered, as shown by the following entry :

"This cause having been heretofore, to-wit, at the February term, 1887, heard before and submitted to the court, a jury having been expressly waived, and now coming on to be decided, and the court being duly advised in the premises doth find :

"That at the time this action was commenced, the plaintiff was in the possession of lots eleven and twelve of block two of Lavender's addition to the city of Lincoln, according to the recorded plat of said addition, as alleged in its petition; that thereafter and pending said suit, the defendant entered upon said premises and caused the same to be enclosed with a fence, as alleged in the supplemental petition of plaintiff. And the court further finds that at the commencement of this action, the plaintiff had a legal estate in and was entitled to the possession of the said lots eleven and twelve, block two, of Lavender's addition to the city of Lincoln, Nebraska, described in the plaintiff's petition. That the defendant unlawfully entered into the possession of said premises after the commencement of said action, and keeps the plaintiff out of the possession of the same, to which findings the defendants severally except. It is therefore considered by the court that the plaintiff's possession and title to said premises be and the same hereby is confirmed, and that the plaintiff recover from the defendants the real property described in the petition, to-wit : Lots eleven and twelve of block two, Lavender's addition to the city of Lincoln, together with $53.30, the costs of this action, to which defendants severally except."

On the 20th day of June, defendants filed their motion for a new trial, which was as follows:

"The defendants move the court for a new trial of this cause, for the following reasons :

"1st. There was irregularity in this: the court over-ruled the defendants' motion to dismiss this action, upon the ground that plaintiff's cause of action was brought in the equity court against the defendants, who were at that time in possession of the real estate in controversy.

"2d. The judgment is not sustained by the evidence.

"3d. The judgment is contrary to law.

"4th. The judgment is contrary to the evidence.

"5th. The court erred in refusing to strike out the testimony of W. J. Lamb.

"6th. The judgment should have been in favor of defendants and against the plaintiff, according to the law and evidence.

"7th. The court neglected to state its findings of fact, upon request of defendants, and the court neglected to state in writing the conclusions of fact found separately from the conclusions of law, although requested by the defendants to do so."

This motion was overruled.

From the judgment rendered, the defendant, E. Mary Gregory, appeals to this court.

It appears that the stipulation entered into on the 5th day of November, 1886, waiving the rights to produce testimony upon the trial, was abandoned, and the cause was heard upon oral testimony, preceded by the following, which is found in the reporter's notes:

"The plaintiff's chain of paper title to the premises in question as alleged is admitted by the defendants for the purposes of this trial."

Plaintiff then introduced testimony tending to show that, about the first day of April, 1885, it took possession of the property in question, and enclosed the same with a wire fence, and placed in possession a tenant. In the course of the testimony of Walter J. Lamb, who was the president of and acting for plaintiff, he stated that he owned all the stock of the bank.

Defendant introduced a number of witnesses for the purpose of proving that she had been in possession of the property, as owner, for more than ten years prior to the commencement of the action. It was shown by all the testimony that within two or three days of the construction of the wire fence, by plaintiff, defendant re-asserted her ownership and possession, tore down the fence, and enclosed the property with a plank fence. The possession of plaintiff was obtained by Walter J. Lamb, from the tenant of defendant, who was induced by threats of a suit to abandon the premises. The testimony of Mr. Lamb upon that point was as follows:

"I went to the man that had begun plowing that property. I have heard his name is Tufford. I don't know his name other than I heard. I took a buggy and rode to the bottom with Dobbins, and found Tufford plowing on the bottom; he had been plowing on these lots of mine. There were perhaps a couple of furrows there. I went to Mr. Tufford and said to him he would either have to yield me up the possession of these premises or I would bring suit. I told him I wanted some man who would be good for the costs, and he was the person. I spoke to Mr. Dobbins——. He spoke, he said to me—you and Dobbins take possession of that property, I will have no fuss about it. Upon that I bought the wire and Mr. Dobbins fenced it up as I stated. That was the spring of 1885."

It is also shown that Tufford had a written contract of lease from defendant.

It is now insisted, on the part of defendant, that her answer placed in issue the question of the incorporation of plaintiff's bank—while upon the other hand, it is urged by plaintiff that the supplemental answer must be treated as a substitute for the original answer, and that such corporate capacity was not denied. It is insisted also by defendant that the possession obtained by plaintiff was not such as would be adverse to her holding, owing to its hav-

ing been obtained from her tenant, and that she has proven her occupancy and continued possession during the ten years last preceding the commencement of the action.

We do not deem it necessary to enter upon any of these questions in order to a disposition of the case. As we have said, the petition was evidently filed as and for an action to quiet title, under the provisions of section 58 of chapter 73 of the Compiled Statutes, entitled real estate. By the answer filed on the 11th day of July, 1885, defendant evidently so treated it. On the 10th day of April, 1886, the "supplemental and amended answer" was filed. The pleader, in filing that paper, seems to have either intended it as a substitute for the original answer, or if intended as a supplemental answer, to have ignored the provisions of section 149 of the civil code. This section provides that, "either party may be allowed on notice, and on such terms as to costs as the court may prescribe, to file a supplemental petition, answer, or reply, alleging facts material to the case, occurring after the former petition, answer, or reply."

There is nothing in the so-called "supplemental and amended answer" which refers to any transaction · which occurred after the filing of the former, or original answer, and under the rule stated in *Bank v. Telegraph Co.*, 30 O. S., 555, the original answer might be disregarded. But it is insisted that the two answers should be construed together, and that the denial of the corporation of plaintiff, contained in the first, should stand. The supplemental petition filed by plaintiff alleges facts which occurred subsequent to the filing of the original petition, and to this, as we have seen, a general denial was filed. The course pursued by the parties after the filing of this supplemental petition and the answer thereto seems to indicate that the case was from that time on treated as an action in ejectment instead of one to quiet title, as stated in the original petition, and by this it would seem that plaintiff, to a great

extent, abandoned the allegations of its petition. The court seems to have so treated the case, for upon the first trial we are informed by the journal entry that plaintiff gave notice of a demand for a new trial, and, so far as is shown by the record, the court set aside the judgment and gave a new trial, without a motion therefor. No objection was made to this proceeding, although it is now contended by defendant that everything that was done after that trial was erroneous, and that that judgment should be reinstated, notwithstanding the course pursued by the court and counsel upon either side in treating the case as one at law. Defendants have appealed to this court instead of filing a petition in error. The whole proceeding in the court below, as well as in this court, appears to have been one of uncertainty as to the course to be pursued, and the testimony adduced upon the trial was in many respects entirely unsatisfactory.

The judgment of the district court will be reversed and the cause remanded, with leave to the parties to replead, and a new trial had upon the merits.

JUDGMENT ACCORDINGLY.

THE other judges concur.